# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE DIVISION

LEWIS HERBERT STOTTS
AND BETTY STOTTS

    PLAINTIFFS        CIVIL ACTION NO: <u>3-16-cv-292-DJH</u>

               **JURY TRIAL DEMAND**

v.

HOLLINGSWORTH & VOSE CO.
112 Washington Street
East Walpole, MA   02032

   **SERVE:**  SECRETARY OF STATE
        STATE CAPITOL BUILDING
        FRANKFORT, KY   40601

R. J. REYNOLDS TOBACCO COMPANY, AS
SUCCESSOR-BY-MERGER TO LORILLARD TOBACCO CO.
401 North Main Street
Winston-Salem, NC 27101

CLIENTID

   **SERVE:**  CORPORATION SERVICE COMPANY
        421 WEST MAIN STREET
        FRANKFORT, KY 40601

LORILLARD TOBACCO COMPANY
A wholly-owned subsidiary of Lorillard, Inc.
714 Green Valley Road
Tax Department
Greensboro, NC   27408

   **SERVE:**  THE PRENTICE-HALL CORPORATION SYSTEM, INC.
        421 WEST MAIN STREET
        FRANKFORT, KY   40601

1

DEFENDANTS

## \*\* \*\* \*\* \*\* \*\*

## **COMPLAINT**

Come the Plaintiffs, Lewis Herbert Stotts and Betty Stotts, by counsel, and for their Complaint, states as follows:

## **PARTIES**

1.     Plaintiffs, Lewis Hebert Stotts and Betty Stotts, currently reside in Pewee Valley, at 168 Ridgewood Drive, in Oldham County.

2.     Lewis Herbert Stotts married Betty Stotts in 1963.

3.     Plaintiff, Lewis Herbert Stotts, was diagnosed with an asbestos related cancer, malignant mesothelioma on or about October 1, 2015.

4.     Plaintiff, Lewis Herbert Stotts, was at times relevant hereto, exposed to the asbestos products of Defendants.

5.     Defendants are as follows:

Defendant **HOLLINGSWORTH & VOSE CO.**, is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts. Defendant, Hollingsworth & Vose Co. is a successor by merger to H&V Specialties Company, Inc.   At all times material hereto, H&V Specialties Company, Inc. was a wholly-owned subsidary of defendant Hollingsworth & Vose.

Defendant **R.J. REYNOLDS TOBACCO CO.**, is a North Carolina corporation with its principal place of business in the State of North Carolina and legal successor by merger to P.

2

Lorillard Company and Lorillard Tobacco Company.

Defendant **LORILLARD TOBACCO COMPANY**, is a Delaware corporation with its principle place of business in the State of North Carolina. It is successor to P. Lorillard Company.

## JURISDICTION

6.      There is complete diversity of citizenship between Plaintiffs and Defendants.    The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and amount in controversy.

7.      This Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. § 1332.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (c).

8.      This Court has personal jurisdiction over each of the Defendants in this action, pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because, they transacted business in the Commonwealth of Kentucky, and/or contracted to supply goods or services in this Commonwealth giving rise to Plaintiffs' claims.

9.       This Court has personal jurisdiction over the Defendants in this action pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because during the relevant period of time these Defendants, among other things, derived substantial revenue from Kentucky and caused tortious injury to the Plaintiffs in this Commonweath giving rise to Plaintiffs' claims.   Further, each Defendant has certain minimum contacts with the State of Kentucky such that maintenance of this action does not offend traditional notions of fair play and substantial justice.

10.     This Court has specific personal jurisdiction over the Defendants by virtue of Lewis Herbert Stotts' exposure to asbestos containing products manufactured, distributed, sold, constructed, designed, formulated, developed standards for, prepared, processed, assembled,

tested, listed, certified, marketed, advertised, packaged, labeled, maintained on their properties and/or otherwise placed in the stream of commerce, by the Defendants, thereby causing the Plaintiffs to suffer tortious injuries.

## FACTUAL BASIS OF CLAIM

11.     In the 1950's, defendant Hollingsworth & Vose and/or its wholly-owned subsidiary H&V Specialties Co. and/or a subcontractor known as Ralph McCard manufactured, sold, and/or distributed asbestos-containing filter material for the "Micronite Filter" which became an integral part of "Kent" cigarettes manufactured, distributed and sold by P. Lorillard.

12.     The defendants, Hollingsworth & Vose and Lorillard entered into a contract which the two companies jointly owned the patent to the Micronite filter and agreed to share and exchange information about advances in the field.   The companies shared equally in the development costs of the filter, creating the manufacturing facilities, and royalties earned from the licensing.   Lorillard inspected Hollingsworth & Vose's manufacture, production and financial records concerning the filter material.   Hollingsworth & Vose sold the asbestos filter material to only Lorillard for at least five years in the 1950's.

13.     Plaintiff, Lewis Herbert Stotts, contracted an asbestos-related cancer, malignant pleural mesothelioma, from his exposure to asbestos products during his employment at P. Lorillard Company in Louisville, Kentucky, and from smoking asbestos containing Kent cigarettes.

14.     Plaintiff, Lewis Herbert Stotts, worked at the P. Lorillard Company in Louisville, Kentucky, in the early 1950s, during which time he worked with and around asbestos containing materials manufactured by Hollingsworth & Vose, which was incorporated into Kent cigarettes

manufactured at Lorillard's facility.   Lewis Herbert Stotts began working at Lorillard before he reached eighteen (18) years of age.

15.     In the early 1950s, Lewis Herbert Stotts frequently and routinely smoked Kent Cigarettes, which incorporated the asbestos containing Micronite filter jointly designed by P. Lorillard and Hollingsworth & Vose.

16.     Plaintiff, Lewis Herbert Stotts, was exposed to asbestos containing filters and filter materials, manufactured, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled and/or otherwise placed into the stream of commerce by the Defendants, from smoking Kent cigarettes.

17.     Plaintiff, Lewis Herbert Stotts, was exposed, both directly and indirectly, to asbestos while working at the P. Lorillard facility, with and around asbestos containing filters and filter materials manufactured, produced, processed, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled and/or placed into the stream of commerce by Defendants.

18.     The Plaintiff, Lewis Herbert Stotts, was diagnosed with malignant mesothelioma in October of 2015.

19.     The Defendants knew or should have known that in the ordinary and foreseeable use of their asbestos containing products, asbestos would be discharged into the air, inhaled and ingested by individuals, such as Lewis Herbert Stotts, working with and/or around, or from smoking asbestos containing products they manufactured, sold, distributed constructed, designed,

5

formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained on their properties.

20.     The Defendants knew or should have known that in the ordinary and foreseeable use of asbestos-containing products they manufactured, sold, distributed constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained on their properties, asbestos would be discharged into the air and contaminate the clothing, hair, person and body of the people working with or in the vicinity of their asbestos containing products.

21.     The Defendants knew or should have known that individuals, including the Plaintiff, Lewis Herbert Stotts, who were exposed to asbestos-containing products they manufactured, distributed, sold, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained on their properties, would inhale substantial amounts of asbestos dust and fibers both from smoking Kent cigarettes and from exposure at P. Lorillard's facility.

22.     The asbestos containing products manufactured, distributed, sold, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained by the Defendants reached the Plaintiff and others, without any substantial change or any alteration from their original form.

23.     For many years the Defendants had in their possession medical and scientific information alerting them to the grave dangers inherent in their asbestos-containing products, including the risk of contracting asbestosis, mesothelioma, other forms of cancer, and other bodily harm.

24.    When they reached the Plaintiff, Lewis Herbert Stotts, the Defendants' asbestos-containing products were in a defective condition unreasonably dangerous to the Plaintiff.

25.    The Defendants intentionally and willfully concealed from the public their knowledge of the hazardous nature of their asbestos containing products, and conspired with other companies to conceal the true dangers of asbestos exposure and, in particular, intentionally and willfully failed to warn persons such as the Plaintiff of the dangers inherent in the handling, cutting, sawing, grinding, smoking and general exposure to asbestos products they manufactured, sold, distributed constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained on their properties and/or otherwise placed into the stream of commerce.

26.    The Defendants failed for many years to place any warnings on their asbestos-containing products, or provide any warnings in any manner to the Plaintiff, Lewis Herbert Stotts, or anyone else similarly situated concerning the health hazards associated with their asbestos containing products.

27.    Persons such as the Plaintiff, Lewis Herbert Stotts, did not know of the nature and extent of the danger presented by asbestos-containing products.

28.    The Defendants failed to insure that employees or occupants at job sites would be protected from harm by exposure to asbestos products that were defective, unreasonably dangerous.

29.    The Defendants knew or should have known that the Plaintiff would not discover or realize the latent dangers of exposure to their asbestos containing products and should have

expected that Plaintiff would fail to protect himself and others against any dangers from exposure to asbestos.  Defendants failed to exercise reasonable care to protect Plaintiff against the latent dangers of exposure to asbestos.

30.     Defendants were negligent in allowing individuals to work in areas where asbestos products were being used, installed and/or removed, thereby creating an unreasonable risk of harm to Plaintiff and others similarly situated.

31.     Defendants were negligent by failing to abide by statutory and administrative regulations regarding asbestos in the work place and by failing to provide specified safeguards and precautions for the safe handling of asbestos on their property.

32.     It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, sale, distribution construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, marketing, advertising, packaging, labeling, and/or maintenance on their properties of asbestos containing products.

33.     It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

34.     It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products and equipment.

35.     Yet, nevertheless, wholly disregarding the aforesaid duties, the Defendant corporations breached their duties by:

(a) failing to warn the plaintiff, Lewis Herbert Stotts, of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the Defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury;

(b) failing to warn the plaintiff, Lewis Herbert Stotts, of the dangers, to which he was exposed, when they knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn the plaintiff, Lewis Herbert Stotts, of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products;

(d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing product or products;

(e) failing to test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure thereto;

(f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products;

(g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products;

(h) failing upon discovery of the dangers, hazards, and potentialities of exposure to

9

asbestos to adequately warn and apprise the plaintiff, Lewis Herbert Stotts, of the dangers, hazards, and potentialities discovered;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; and

(j) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos-containing products.

## CLAIMS FOR RELIEF

## COUNT I

## STRICT LIABILITY
## FAILURE TO WARN

36.     The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 35 as though restated herein in full.

37.     The aforesaid actions of the Defendants result in their strict liability in tort for selling and placing into the stream of commerce asbestos-containing products without adequate warnings concerning the hazards of their products.

## COUNT II

## STRICT LIABILITY
## DESIGN DEFECT/CONSUMER EXPECTATION

38.     The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 37 as though restated herein in full.

39.     The aforesaid actions of the Defendants result in their strict liability in tort for selling and placing into the stream of commerce asbestos-containing products which reached the

Plaintiff, the ultimate consumer, in a defective condition unreasonably dangerous, without substantial change or alteration. The consumer and user of these products, the Plaintiff, expected the products would perform safely. Plaintiff did not expect Defendants' products to cause cancer.

**COUNT III**

**NEGLIGENCE**
**FAILURE TO EXERCISE ORDINARY CARE**

40.     The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 39 as though restated herein in full.

41.     The aforesaid actions of the Defendants constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff.

**COUNT IV**

**NEGLIGENCE**
**FAILURE TO WARN**

42.     The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 41 as though restated herein in full.

43.     The aforesaid actions of the Defendants constitute negligence in that they failed to warn about the health hazards they knew or should have known about the asbestos containing products they manufactured, sold, distributed constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, and/or maintained on their properties.

## COUNT V

### NEGLIGENCE PER SE
### VIOLATION OF CHILD LABOR LAWS

44.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 43 as though restated herein in full.

45.    The aforesaid actions of P. Lorillard, constitute a violation of KRS 339.230 and KRS 339.240 as it employed Lewis Herbert Stotts, before he turned eighteen years of age, assorting, manufacturing and cutting tobacco products and in an occupation, which was hazardous and injurious to his life, health, safety and welfare.

## COUNT VI

### MISREPRESENTATION/CONSPIRACY TO DEFRAUD

46.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 45 as though restated herein in full.

47.    The aforesaid actions of the Defendants constitutes an unlawful conspiracy to misrepresent and/or conceal the real dangers of their asbestos containing products.

## COUNT VII

### PUNITIVE DAMAGES

48.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 47 as though restated herein in full.

49.    The aforesaid actions of the Defendants constitute malicious, willful and wanton conduct and gross negligence making them liable to the Plaintiff for punitive damages.

12

## COUNT VIII

### PERSONAL INJURIES

50.     Plaintiff hereby incorporates by reference paragraphs 1 through 49, inclusive as if the same were hereto set forth at length.

51.     As a direct and proximate result of the negligence, gross negligence, failure to warn, willful misconduct, strict liability, conspiracy, misrepresentation and willful omissions of the Defendants, Plaintiff, Lewis Herbert Stotts, was caused to contract diseases and injuries to his body system, lungs, and respiratory disorders, including malignant mesothelioma.  Plaintiff is suffering and will continue to suffer great physical pain, mental anguish, shock to his nerves and nervous system and severe anxiety as a result of his exposure to Defendants' asbestos-containing products.

## COUNT IX

### LOSS OF CONSORTIUM

52.     Plaintiffs hereby incorporate by reference paragraphs 1 through 51, inclusive as if the same were hereto set forth at length.

53.     As a direct and proximate result of Defendants' actions and resulting injuries to Plaintiff, Lewis Herbert Stotts, as stated above, Betty Stotts has been and is deprived of the societies and labors of her husband to her damage in an amount in excess of this Court's jurisdictional amount.

**WHEREFORE,** Plaintiffs, Lewis Herbert Stotts and Betty Stotts demand judgment

against the Defendants and each of them individually, jointly and severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000), for compensatory damages including damages for the impairment/destruction of the Plaintiff's power to labor and earn money (including lost pension and social security benefits), past and future medical expenses, mental and physical pain and suffering, loss of consortium, punitive damages, costs of the actions, and all other relief to which they may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

/s/ Paul J. Kelley
Joseph D. Satterley
Paul J. Kelley
Paul J. Ivie
**SATTERLEY & KELLEY, PLLC**
8700 Westport Road., Ste. 202
Louisville, KY 40242
PH: (502) 589-5600
FAX: (502) 814-5500
**COUNSEL FOR PLAINTIFFS**